Kelly K. LoCascio, Esq., SBN #022793
Michael J. Ward, Esq., SBN # 022782
Lisa J. Counters, Esq., SBN #016436
8014 E. McClain, Suite 220
Scottsdale, Arizona 85260
Telephone: (877) 264-3570
Facsimile: (888)883-9506
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGEL JET SERVICES, L.L.C., a limited liability company, individually, as assignee and authorized representative of Indigo Fleming Powers, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| The Health and Welfare Benefit Plan eMetric, LLC, and Principal Life Insurance Company, | |
| Defendants. | |

For its claim against Defendants, Angel Jet Services, L.L.C. ("AJS") alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under ERISA, pursuant to 29 U.S.C. § 1132(e), (f), and 28 U.S.C. § 1331.

2. Venue is proper under 29 U.S.C. 1132(e)(2), because the denial of benefits and breach of the health and welfare plan took place in this district and, under ERISA, Defendants are "found" in this district.

1

# PARTIES

3. AJS is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

4. The Health and Welfare Plan of eMetric, LLC ("the Plan"), is a purported ERISA plan.

5. Defendant Principal Life Insurance Company ("Principal") is a wholly-owned subsidiary of Principal Financial Group, with its principal place of business in Iowa. Principal is an insurer that is authorized to and does business in Arizona.

6. At all relevant times, Indigo Fleming Powers ("Fleming Powers") was a participant and beneficiary of the Plan.

7. At all relevant times, AJS was an assignee of Fleming Powers, pursuant to an Assignment of Benefits assigning all plan benefits relating to this claim to AJS. Thus, AJS "stands in the shoes" of Fleming Powers, and has standing to assert whatever rights she possesses, relating to the Plan and this claim, including the right to pursue administrative remedies and the right to pursue this claim.

8. At all relevant times AJS was also Fleming Powers' authorized representative as defined by 29 C.F.R. § 2560.503-1(b)(4).

9. At no time did Defendants advise or assert that the Plan contains an anti-assignment provision. To the extent the Plan contains an anti-assignment provision, the Plan has waived the right to assert the provision.

10. The Plan and its purchase of health care insurance from Principal is an Employee Welfare Benefit Plan as defined in ERISA, 29 U.S.C. § 1002.

11. Principal is the Plan Administrator.

12. eMetric, LLC and Principal are plan fiduciaries as defined by ERISA.

13. On information and belief, Principal exercised authority to make final decisions regarding the payment of medical benefit claims for the Plan. Accordingly,

Plaintiff is informed and believes that Principal is either a "named fiduciary" of the Plan, pursuant to 29 USC § 1133(2); a "deemed fiduciary" pursuant to 29 USC § 1002 (21)(A); or a "designated fiduciary," pursuant to 29 USC § 1105(c)(1)(B).

## FACTUAL ALLEGATIONS

14. AJS is a worldwide fixed-wing air ambulance service provider. AJS utilizes medically customized specialty aircraft to transport patients.

15. AJS' services include flight coordination, patient assistance, coordination between sending and receiving medical providers, and transportation from one facility to the airplane, to another facility under the care of trained professional medical service providers in flight and throughout the transport, including critical care nurses.

16. In June, 2009, Fleming Powers suffered a stroke in San Antonio, Texas and was hospitalized in extremely critical medical condition. Fleming Powers' treating physicians determined that she required further and immediate neurosurgical treatment, monitoring and rehabilitation. Fleming Powers' physicians concluded that the appropriate, medically necessary treatment could be provided at Flower Hospital in Sylvania, Ohio and she required air ambulance transportation from San Antonio, Texas to the medical center in Sylvania, Ohio.

17. On June 16, 2009, AJS was contacted about performing emergent transport for Fleming Powers. AJS immediately began coordinating air ambulance services.

18. On June 18, 2009, AJS transported Fleming Powers via air ambulance from San Antonio, Texas to Sylvania, Ohio.

19. Due to Fleming Powers' extremely critical medical condition, medical providers flew to San Antonio and then escorted and cared for Fleming Powers throughout her air ambulance flight provided by AJS. During the flight, AJS medical

3

1  providers constantly monitored Fleming Powers and performed various services for
2  her. Fleming Powers had no ability to communicate verbally, she was ventilated via a
3  tracheotomy, her PEG tube dressing required changing due to oozing of
4  serosanguinous fluid, and she required two doses of narcotic pain medication.

5        20. AJS flew Fleming Powers 1,178 statutory miles to Flower Hospital in
6  Sylvania, Ohio, as authorized and requested by her physicians.

7        21. Fleming Powers' treating physician specifically ordered that the
8  services and treatment in Ohio were medically necessary.

9        22. On information and belief, the services rendered by AJS were benefits
10 to which Fleming Powers was entitled under the terms of the Plan.

11       23. On June 19, 2009, AJS submitted a 1500 Health Insurance Claim Form
12 to Principal for $277,070.00 for the air ambulance services provided to Fleming
13 Powers.

14       24. During a telephone conference on August 6, 2009 between AJS and
15 Maria, a Principal customer service representative, Principal identified the actual
16 reason for denial of benefits was because "services were elected by Ms. Powers'
17 parents and other facilities were available."

18       25. On July 28, 2009, AJS made a document request to Principal as Plan
19 Administrator requesting, among other things, the summary plan description and a
20 complete copy of Fleming Powers' file.

21       26. Principal never responded to AJS's document request.

22       27. On August 12, 2009, AJS appealed Principal's decision as Fleming
23 Powers' authorized representative.

24       28. Principal denied benefits in a letter dated September 15, 2009, stating
25 that air medical transportation was not a covered benefit of the plan.

26
27
28

29. Despite repeated requests for payment and submission of appeals by AJS, Principal refused to pay any portion of AJS' bill for air ambulance services.

30. The basis for denial of the claim changed over time and the adverse determinations by Principal lacked any supporting analysis or documentation.

31. Principal's denials contained inaccurate and false statements. Its competing benefit determinations and refusal to provide Fleming Powers' Summary Plan Description ("SPD") and claim file also have denied AJS a full and fair review.

32. Principal's denials did not adequately contain the basis of the claim decision.

33. Principal did not provide AJS with the documents it requested under 29 C.F.R. § 2560.503-1(h)(3)(ii)-(iv).

34. Principal did not provide other relevant information to AJS as is required under ERISA claims regulations.

35. AJS has satisfied all of the jurisdictional prerequisites, including exhaustion of administrative remedies, to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

36. AJS incorporates and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

37. A participant is entitled to recover benefits due to under the terms of the plan, to enforce rights under the terms of the plan, and to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

38. A civil action may be brought by a participant (A) to enjoin any act or practice which violates any provision of Title I of ERISA or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to

5

1  enforce any provisions of Title I of ERISA or the terms of the plan.  29 U.S.C. §
2  1132(a)(3) .
3       39.  Fleming Powers and AJS reasonably expected that the services were
4  covered and met any applicable requirements under the Plan and that benefits would
5  be awarded.
6       40.  Despite having coverage for air ambulance services under Fleming
7  Powers' Plan, Principal has improperly denied benefits to Fleming Powers in breach
8  of the Plan.  This breach was arbitrary, capricious, an abuse of discretion, not
9  supported by substantial evidence and was clearly erroneous and in violation of § 503
10  of ERISA.
11       41.  Principal's decision was tainted by a structural conflict of interest that
12  requires that its decision be reviewed with increased skepticism.
13       42.  Principal's procedural violations of ERISA and its regulations require
14  that its decision be reviewed with increased skepticism.
15       43.  AJS, as assignee and beneficiary of Fleming Powers' claims under
16  ERISA, is entitled to declaratory, injunctive and other appropriate equitable relief
17  including, but not limited to, an order enjoining the Plan from failing to follow
18  ERISA claims procedures, together with attorneys' fees and costs.

19  **COUNT II**
20  **FAILURE TO PRODUCE PLAN DOCUMENTS**

21       44.  AJS incorporates and realleges each and every allegation contained in
22  the foregoing paragraphs as if set forth fully herein.
23       45.  An administrator is required "upon written request of any participant or
24  beneficiary, furnish a copy of the latest updated summary plan description, and the
25  latest annual report, and terminal report, the bargaining agreement, trust agreement,
26
27
28

1 contract, or other instruments under which the plan is established or operated." 29
2 U.S.C. § 1024(b)(4),

3     46.   Failure of the Administrator to provide plan documents within 30 days
4 under 29 U.S.C. 1132(c)(1)(B), exposes the Plan Administrator to a penalty of up to
5 $110 per day from the date of the failure to provide documents.

6     47.   Defendants failed to provide the documents requested within 30 days,
7 among other procedural violations, Defendants violated ERISA's disclosure
8 requirements, claims procedure requirements and applicable regulations.  As a result
9 of Defendants' acts and omissions, AJS has been damaged and its rights to benefits
10 under the Plan, and to pursue Fleming Powers' claim for benefits under the Plan, have
11 been thwarted, prejudiced, and delayed.

## COUNT III

## DECLARATORY RELIEF

14     48.   AJS restates and realleges all previous allegations.

15     49.   Pursuant to 29 U.S.C. 1132 (a)(3) and (c)(1)(B), AJS, as assignee of
16 Fleming Powers' claims under ERISA, is entitled to declaratory, injunctive and other
17 appropriate equitable relief to redress Defendant's claims procedure and disclosure
18 violations, including, but not limited to, an order enjoining Defendant Plan
19 Administrator from failing to follow ERISA claims procedures.

20     50.   There is a present justiciable controversy between the parties as to
21 whether Defendants are required to produce the plan documents pursuant to 29 U.S.C.
22 § 1024 and relevant documents as that term is defined by 29 C.F.R. 2560.503-
23 1(m)(8).

24     51.   The failure of Defendants to provide the documents defined by 29
25 U.S.C. 1024 and 29 C.F.R. § 2560.503-1(m)(8) precluded AJS from obtaining a full
26 and fair review of Fleming Powers' claim.

52. AJS asks the Court to declare that AJS is entitled to the documents defined by 29 U.S.C. § 1024 and 29 C.F.R. § 2560.503-1(m)(8) precluded AJS from obtaining a full and fair review of Fleming Powers' claim and to order production of the documents.

**WHEREFORE,** AJS demands judgment against the Defendants:

a. Declaring that AJS is entitled to payment of services rendered to Fleming Powers in the amount of $283,000 as a result of Defendants' violation of the terms of the Plan and ERISA by failing to pay for air ambulance services rendered by AJS to Fleming Powers;

b. Declaring that Defendants violated ERISA's claims procedures and disclosure requirements, ERISA § 503 and regulations thereunder;

c. Enjoining Defendants to cease and desist from violating ERISA and the terms of the Plan;

d. Awarding AJS $110 per day for each day beyond thirty that Defendants failed to provide AJS with a copy of the Summary Plan Description or other documents;

e. Awarding pre-judgment interest to AJS at the highest rate allowable by law, e.g., 10% pursuant to A.R.S. § 20-462;

f. Declaring that AJS is entitled to plan documents and relevant documents as those terms are defined by 29 U.S.C. § 1024 and 29 C.F.R. § 2560.503-1(m)(8) as Fleming Powers' authorized representative,

g. Awarding AJS its reasonable attorneys' fees and costs pursuant to state law and/or ERISA § 502(g), and

h. Awarding AJS such other and further relief as the court deems just and proper.

8

1  Dated this 25th day of January, 2010.

2

3                                              By   /s Lisa J. Counters
4                                                   Kelly LoCascio, Esq.
                                                    Michael J. Ward, Esq.
5                                                   Lisa J. Counters, Esq.
                                                    8014 E. McClain, Suite 220
6                                                   Scottsdale, Arizona 85260
7                                                   Telephone:  (480) 634-8017
                                                    Facsimile:  (480) 247-4603
8                                                   Attorneys for Plaintiff