1  Barbara L. McCloud (#021215)
   SNELL & WILMER L.L.P.
2  One Arizona Center
   400 East Van Buren
3  Phoenix, Arizona 85004-2202
   Telephone:  (602) 382-6000
4  Facsimile:   (602) 382-6070
   bmcloud@swlaw.com
5  Attorney for Defendant
6  Principal Life Insurance Company

7              IN THE UNITED STATES DISTRICT COURT

8                FOR THE DISTRICT OF ARIZONA

9
   ANGEL JET SERVICES, L.L.C., a limited
10 liability company, individually, as assignee
   and authorized representative of Indigo        Case No. CV 2010-00151-PHX-LOA
11 Fleming Powers,
                                                  **DEFENDANT PRINCIPAL LIFE
12              Plaintiff,                          INSURANCE COMPANY'S MOTION
                                                   TO DISMISS FOR IMPROPER VENUE
13 v.                                              OR, IN THE ALTERNATIVE, TO
                                                   DISMISS ON *FORUM NON
14 The Health and Welfare Benefit Plan             CONVENIENS* GROUNDS,
   eMetric, LLC, and Principal Life Insurance      OR TO TRANSFER VENUE
15 Company,                                        PURSUANT TO
                                                   29 U.S.C. §§1404(a), 1406**
16              Defendants.

17          Defendant Principal Life Insurance Company hereby moves this Court for an order

18 dismissing Plaintiff Angel Jet Services, L.L.C.'s ("Plaintiff") Complaint for improper

19 venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, to

20 transfer venue to the United States District Court for the Western District of Texas,

21 pursuant to 28 U.S.C. §1406(a), for the reasons set forth more fully in its attached

22 Memorandum of Points and Authorities and the record in this matter, which is

23 incorporated herein by reference.

24              **MEMORANDUM OF POINTS AND AUTHORITIES**

25                      I.      **INTRODUCTION**

26          While a resident of Texas, Indigo Fleming Powers ("Powers") enrolled into her

27 Texas employer eMetric LLC's ("eMetric") employee welfare benefit plan, with health

28

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

benefits insured by Principal Life Insurance Company ("Principal Life"), an Iowa Corporation, pursuant to the terms of a group insurance contract, negotiated, issued and delivered in Texas and subject to Texas law.  At the time the decision to deny Powers benefits for the air ambulance services she received from Plaintiff Angel Jet, L.L.C. ("Plaintiff") was made, Powers was a Texas resident.

Nonetheless, disregarding ERISA's[1] venue statute, Plaintiff has filed its two-count complaint for benefits under an employee welfare benefit plan against Principal Life and the eMetric LLC Health and Welfare Benefit Plan in Arizona -- even though it is clear that this case has no connection with Arizona.[2]  It is beyond question that Plaintiff must file its action in either (1) the district where the plan is administered, (2) where the breach took place, (3) or where a defendant resides or may be found.  29 U.S.C. §1132(e)(2).  None of these prerequisites for proper venue in the District of Arizona are present in this case. Therefore, this case should be dismissed based on improper venue or, at the very least, venue should be transferred to the Western District of Texas or the Northern District of Ohio, where venue would be proper.

Even if venue would somehow be proper in the District of Arizona, which it is not, this Court should still dismiss Plaintiff's Complaint because (1) adequate alternative forums -- the United States District Courts for the Western District of Texas or the Northern District of Ohio -- exist; and (2) private and public interest factors weigh heavily

---

[1] ERISA is the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.*

[2] Principal Life respectfully informs the Court that Angel Jet has filed six other actions in the District of Arizona, attempting to recoup payment for services rendered.  In each of the four cases filed between July and October 2009, a motion to dismiss on venue or personal jurisdiction grounds was filed. *See Angel Jet Services, LLC v. Giant Eagle Inc. and Giant Eagle Group Health Ins. Co.*, No. 2:09-cv-01489-MHM (motion to dismiss for lack of personal jurisdiction pending); *Angel Jet Services, L.L.C. v. Health and Welfare Plan of Metropolitan Cabinets and Blue Cross Blue Shield of Massachusetts*, No. 2:09-cv-02132-JWS (motion to dismiss and motion for transfer was filed and Plaintiff stipulated in January 2010 to transfer of matter to Massachusetts); *Angel Jet Services, L.L.C. v. Red Dot Corporation's Employee Benefit Plan and Blue Cross Blue Shield of Texas*, No. 2:09-cv-02123-GMS (motion to dismiss for improper venue, or, in the alternative, motion to transfer venue, court granted motion to transfer to Eastern District of Texas on February 8, 2010); *Angel Jet Services, L.L.C. v. Health and Welfare Plan of Hollis Roofing, an ERISA plan, and Blue Cross Blue Shield of Mississippi*, No. 2:09-cv-02131-ROS (motion to dismiss and motion to transfer venue pending).  No appearances and responsive pleadings have been filed yet in the remaining two cases.

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

in favor of dismissal or the transfer of this matter to either one of such forums.

## II.    FACTUAL BACKGROUND

Principal Life is an Iowa for-profit corporation with its principal place of business at 711 High Street in Des Moines, Iowa.  (Exhibit A at ¶5; Exhibit B (Corporate information from Iowa Secretary of State website).)  On August 25, 2004, eMetric, LLC, a Texas corporation with its principal and only place of business in San Antonio, Texas, (Exhibit C (Corporate information from Texas Secretary of State website; www.emetric.net)) applied for group medical coverage for its employees with Principal Life, submitting a completed application form and engaging in contract term negotiations. (Exhibit D (Application Form).)  With a date of issue of September 1, 2004, Principal Life issued and delivered group insurance policy number GME H12306 ("Policy") to eMetric in San Antonio, Texas. (Exhibit E)  The Policy's contract state of issue is Texas (Exhibit E at GC 5000-1.)

Powers, an employee of eMetric and a participant in eMetric's employee welfare benefit plan (Exhibit A at ¶6), enrolled in the medical coverage upon her employment. (Exhibit F (Enrollment Information).)  After she experienced a stroke in her apartment in Seguin, Texas, in July 2009, Powers was hospitalized at Methodist Hospital in San Antonio, Texas, and subsequently flown by Plaintiff to Toledo, Ohio, where her parents reside.  (Exhibit A at ¶¶16-18; 24.)

On June 25, 2009, Principal received a claim submitted by Plaintiff, on behalf of Powers, in the amount of $277,070.00 for the air ambulance services provided.  (Exhibit A at ¶23.)  Principal Life received and processed same and eventually denied the claim as the services provided were not covered under the Policy.  (Exhibit A at ¶¶23-28.)

Plaintiff's lawsuit centers around the decision to transport Powers from San Antonio, Texas, the plan situs and Powers' home, to Toledo, near her parents' home, and Principal Life's denial of payment of benefits to Powers in Texas for such transport given its lack of medical necessity.  The only relationship that this case has with Arizona is that Plaintiff is an Arizona corporation with its principal place of business in Scottsdale,

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Arizona -- a relationship that is entirely insufficient to justify this lawsuit going forward in Arizona. This holds especially true since Plaintiff's alleged rights and standing to assert a claim under the Plan are solely based upon an assignment of Powers' claims, who was a Texas resident at the time the services were provided. To the extent Powers had relocated to Toledo, Ohio when the claim was denied, venue would still not be proper in Arizona, but the Northern District of Ohio would instead be an additional proper forum.

### III.   LEGAL ARGUMENT

#### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a case for improper venue. *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty,* 408 F.3d 1250, 1254 (9th Cir. 2005); *Angel Jet, L.L.C. v. Red Dot Building Systems' Employee Benefit Plan*, Case No. 2:09-cv-02123-GMS, Docket #21 (D. Ariz., Feb. 8, 2010) (attached). When a motion to dismiss is brought under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper in the district in which the complaint was filed. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979); *Design Res., Inc. v. Leather Indus. of Am., Inc.*, No. C09-611RSM, 2010 U.S. Dist. LEXIS 5058 (W.D. Wash. Jan. 21, 2010); *see also Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.,* 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 237 (D. Conn. 2001) (*citing United States EPA ex rel. McKeown v. Port Auth.,* 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)); *McCracken v. Automobile Club of Southern California, Inc.*, 891 F. Supp. 559, 560 (D. Kan. 1995). Venue in an ERISA action is governed by the statute. An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. . . ." 29 U.S.C. § 1132(e)(2).

#### B.   Venue is Inappropriate in the District of Arizona

Parroting the applicable venue statute, Plaintiff simply states in its Complaint that "the denial of benefits and breach of the health and welfare plan took place in this district and, under ERISA, Defendants are 'found' in this district." (Exhibit A at ¶2.) Plaintiff is

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  wrong and this action, which it improperly filed in its home forum, should be dismissed.

2          **1.**      **The Breach Did Not Take Place in Arizona**

3        First, as stated above, venue is proper where the alleged breach of the terms of the

4  plan took place.  Courts have reached different conclusions as to where a breach takes

5  place, however, none allow venue in this district.  Many courts have held that the breach

6  occurs where the claimant receives benefits.  *See Roshinsky v. Reynolds*, No. 06-6340,

7  2008 U.S. Dist. LEXIS 56185, at *10-*12 (W.D.N.Y. July 21, 2008); *Cross v. Fleet*

8  *Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005); *Coulter v. Office*

9  *and Prof'l Employees Intern. Union*, No. 03-111, 2003 U.S. Dist. LEXIS 13958, at *13

10  (E.D. Tenn. April 10, 2003); *Schrader v. Trucking Employees of North Jersey Welfare*

11  *Fund, Inc*., 232 F. Supp. 2d 560, 573 (M.D.N.C. 2002); *Cole v. Central States Southeast*

12  *and Southwest Areas Health and Welfare Fund*, 225 F. Supp. 2d 96, 98 (D. Mass. 2002);

13  *Keating v. Whitmore Mfg. Co.*, 981 F. Supp. 890, 893 (E.D. Pa. 1997); *Brown Schools,*

14  *Inc. v. Florida Power Corp.*, 806 F. Supp. 146, 149 (W.D. Tex. 1992); *McFarland v.*

15  *Yegen*, 699 F. Supp. 10, 13 (D.N.H. 1988).  Obviously, Powers would have received the

16  benefits at issue in Texas, or possibly, in Ohio, ***but not in Arizona.***

17        To the extent Plaintiff attempts to argue that the key location is where the assignee

18  of benefits was to receive payment, this Court has recently rejected that argument and

19  held that the location where the claimant was to receive benefits is controlling to avoid

20  that an unsuspecting defendant be pulled into unpredictable venues simply by virtue of an

21  ERISA-plan participant's assignment. *Angel Jet, L.L.C.*, *supra*, p. 6 (*citing Misic v. Bldg.*

22  *Serv. Employees Health & Welfare* Trust, 789 F.2d 1374, 1378 n. 4 (9th Cir. 1986); *see*

23  *also Mem'l Hermann Hosp. Sys. v. Boyd Gaming Corp. Percs Plan*, No. H-06-3570, 2007

24  WL 624334, at *4 (S.D. Tex. Feb. 22, 2007) ("reject[ing] [the] argument that venue is

25  proper in the Southern District of Texas simply because an assignee of the participant is

26  located [t]here because 'the assignee stands in the shoes of the assignor [and] … accepts

27  the assignor's location for venue purposes.'"); *Coulter v. Office & Prof' Employees Int'l*

28  *Union*, No. 1:03-CV-111, 2003 WL 21938910, at *4-5 (E.D. Tenn., June 10, 2003)

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    (holding that venue is proper where the beneficiary, not the assignee, was to receive

2    payment); *Brown Schs., Inc. v. Fla. Power Corp.*, 806 F. Supp. 146, 151 (W.D. Tex.

3    1992) (holding that breach occurs where the beneficiary was to receive benefits).

4           Other courts have held that the place of the breach, and therefore, where venue is

5    proper, is where the decision to terminate benefits was made or where the plan was

6    administered. *See Tyson v. Pitney Bowes Long-Term Disability Plan*, No. 07-CV-3105,

7    2007 WL 4365332, at *3 (D.N.J. Dec. 11, 2007); *Orgeron v. Moran Towing Corp*., No.

8    93-4164, 1994 WL 462995, at *2 (E.D. La. Aug. 22, 1994); *Turner v. CF & I Steel Corp*.,

9    510 F. Supp. 537, 541 (E.D. Pa. 1981); *Boyer v. J. A. Majors Co., Employees' Profit*

10   *Sharing Plan*, 481 F. Supp. 454, 459 (N.D. Ga. 1979).  The plan is administered in San

11   Antonio, Texas, where the policy holder is headquartered.  (Exhibit D)  Either way, venue

12   in the District of Arizona is not proper.

13          **2.      Defendants Are Not Found In This District**

14          Venue is also appropriate under ERISA "where a defendant resides or may be

15   found."  29 U.S.C. §1132(e)(2).  Plaintiff sues Principal Life Insurance Company and The

16   Health and Welfare Benefit Plan eMetric, LLC.  Principal Life does not "reside" in this

17   district.  It is incorporated pursuant to the laws of the State of Iowa and its offices are

18   located in Des Moines, Iowa.

19          The Health and Welfare Benefit Plan eMetric, LLC is a Texas employee welfare

20   benefit plan. It is administered in San Antonio, Texas, where eMetric is headquartered and

21   located, and the plan has no connection whatsoever to Arizona.

22          **3.      Powers Could Not Have Brought This Action In Arizona**

23          Finally, and of significant importance, Plaintiff is seeking to recover benefits

24   against Principal Life as an alleged assignee of Powers.[3]  (Exhibit A at ¶7.)  The Ninth

25   Circuit in *Misic, supra,* held that assignments of benefits due under an ERISA plan are

26   valid.  *See* 789 F.2d 1374, 1377.  However, "an assignment cannot create rights not held

27   _____

28   [3]   In making this argument, Principal Life does not waive, and hereby preserves, its right to contest the
validity of the Powers-to-Angel Jet assignment.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

by the assignor." *Id.*  Rather, "the assignee stands in the shoes of the assignor" and may raise only those claims that the insured-assignor could raise in a direct action.  *Id.*

Under these assignment principles, Plaintiff's rights against Principal Life extend only as far as Powers' rights extend.  Powers could not file this action in Arizona, and there would be no basis for Powers to assert her claims in Arizona. Arizona has no connection to this controversy as, in reality, the dispute is between Powers, the participant under the Plan, and Principal Life.  Powers does not reside and never resided in Arizona, she was not treated in Arizona, and she did not receive any care in Arizona.  (Exhibit A) In fact, none of the services Powers received were rendered in Arizona.   The air ambulance transportation of Powers -- the sole factual event that forms the basis of this lawsuit -- originated in San Antonio, Texas and terminated in Toledo, Ohio.  (Exhibit A at ¶¶16-20.)  This flight, with Powers aboard, did not pass through Arizona, or, indeed, come anywhere near this State.  While Plaintiff erroneously claims that venue in this District is proper because the denial of benefits and alleged breach of the ERISA plan at issue took place in Arizona, the facts of this matter show that Plaintiff is indisputably wrong. Indeed, there is <u>no</u> connection to the State of Arizona, other than that Plaintiff, a provider of Powers, resides in Arizona.  As the U.S. Supreme Court held, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." *Pennzoil,* 481 U.S. at 24; *citing Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979).  Accordingly, Plaintiff's Complaint should be dismissed for improper venue.

For all of these reasons, this action should be dismissed based on improper venue.

**C.    In The Alternative, Should This Court Find That Venue Is Proper In Arizona, Plaintiff's Action Should Nonetheless Be Dismissed or Transferred For *Forum Non Conveniens***

This Court has further discretion to dismiss an action on the basis of *forum non conveniens*.  *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839 (1947).  "Under *Gilbert*, dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).  When deciding a motion for *forum non conveniens*, two basic elements must be considered: (1) that an adequate alternative forum exists to all Defendants; and (2) that private and public interest factors weigh heavily in favor of dismissal.  *Piper*, 454 U.S. at 255-56; *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000); *Decker Coal v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *see also Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43-4 (3d. Cir. 1988).  Plaintiff's choice of Arizona is not controlling under the facts of this case.  When the plaintiff's chosen forum is not his residence, or ***when the plaintiff's forum lacks a significant connection to the events that gave rise to the complaint***, the deference given to Plaintiff's choice of forum is slight, if any.  *See Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006) (motion to transfer venue granted where only connection to chosen forum was the alleged relocation of the plaintiff's business and two witnesses after the events at issue occurred); *Amazon.com v. Cendant Corp.,* 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) (noting "where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum.").  In *Jacobson v. Huges Aircraft Co*., the Ninth Circuit held that transferring venue from plaintiff's chosen forum was not an abuse of discretion because other factors favored transfer.  *See* 105 F.3d 1288, 1302 (9th Cir. 1997).

Here, an adequate -- and indeed proper and more suitable -- alternative forum exists and private and public factors weigh heavily in favor of dismissal, or alternatively, transfer of this matter to such forum.

### 1.   An Adequate Alternative Forum Exists

The United States District Court for the Western District of Texas is an adequate alternative forum because the underlying medical emergency occurred in Bexar County or Guadalupe County, Texas, squarely located within the Western District of Texas. (Exhibit A at ¶16.)  Moreover, Powers was treated by physicians in San Antonio, Texas, after

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

experiencing a stroke and the decision to transport Powers to Toledo, Ohio, was made by her treating physicians in San Antonio.  (*Id.*)  Moreover, Powers' employer, the plan sponsor and administrator of The Health and Welfare Benefit Plan eMetric, LLC, is located in San Antonio, Texas, and the plan is administered in San Antonio, Texas. (Exhibit D)

Principal Life is willing to submit to jurisdiction in Texas and Plaintiff is able to seek redress there.  It cannot be disputed that the United States District Court for the Western District of Texas is an adequate alternative forum for this action.

## 2. Private and Public Interest Factors

### a. Private Interest Factors

The U.S. Supreme Court has identified the relevant private interest factors which must be considered in *forum non conveniens* cases as: "(1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive."  *Gilbert*, 330 U.S. at 508, 67 S. Ct. 839.

This case involves a claim for payment of medical benefits for air ambulance services from San Antonio, Texas, to Toledo, Ohio, which were allegedly necessary due to only the hospital in Ohio being able to provide required and necessary treatment. (Exhibit A at ¶16.)  Principal Life denied the claim as the services were not covered under the plan, given that the San Antonio hospital would have been able to render the appropriate services and that, in any event, closer facilities were available to render those services.  (Exhibit A at ¶24.)  Principal Life determined that the claimants' parents elected the transfer.  *Id.*

Militating clearly towards a determination that the appropriate forum for the resolution of this dispute is the Western District of Texas, crucial witnesses to the events leading to the claimant's air ambulance transportation to Toledo, Ohio, are located in San

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Antonio, Texas, and the medical records pertaining to the treatment as well as pertaining to the decision to authorize the air ambulance transportation are located in San Antonio, Texas. Moreover, with regard to Plaintiff's claim for statutory penalties due to failure to produce requested documents, the plan administrator of the plan, eMetric LLC, 29 U.S.C. §§1001(16)(A), (B); (5), and the records at issue pursuant to 29 U.S.C. §1024(b)(4) are located in San Antonio, Texas.[4]

Should any of the witnesses prove unwilling to attend court proceedings or provide records, San Antonio, Texas, is located in excess of 100 miles from Phoenix, Arizona, where the matter is currently pending, barring this court's subpoena power to compel their attendance. Rule 45 of the Federal Rules of Civil Procedure. If this action is permitted to proceed, the cost of travel associated with their participation may increase the likelihood that the witnesses will be unwilling to appear. The U.S. Supreme Court remarked, "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury or most litigants." *Gilbert*, 330 U.S. at 511. Accordingly, the United States District Court for the Western District of Texas has greater access to sources of proof than this District, and the power to compel the attendance of witnesses if necessary. Principal Life's motion should be granted.

### b.   *Public Interest Factors*

The relevant public interest factors which should be considered include: (1) administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Piper Aircraft Co.,* 454 U.S. at 241, 102 S. Ct.

---

[4]   It is Principal Life's position that it does not have any of the records the plan administrator is required to produce pursuant to 29 U.S.C. §1024(b)(4) in its possession. Principal Life's claim file is of course located in Des Moines, Iowa.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

252; *Gilbert*, 330 U.S. at 508-9.

As stated in *Gilbert*, "administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." 330 U.S. at 509. The origin of this litigation is Bexar County, Texas. The local community with the strongest interest in the resolution of this dispute is located in Bexar County, Texas, where the events of July 2009 that led to the air ambulance services took place. As none of the events leading to this lawsuit took place in Arizona and there is indeed no connection between this cause of action and this forum, Arizona has no interest in having the matter decided in this District.

Moreover, the plan under which Plaintiff is seeking benefits is administered in Bexar County, Texas, and the policy insuring the benefits was contracted for in Texas, delivered in Texas and issued with specific references to Texas law and directives for contacting the Texas Department of Insurance. (Exhibit B)

There is no reason why this Court should bear the burden of overseeing the resolution of this dispute arising under a Texas plan, sponsored by a Texas corporation, stemming from the denial of benefits to a Texas resident by an Iowa company. This matter does not involve Arizona or is in any way connected to Arizona. Dismissal of this action will decrease administrative congestion in this District, allow Texas courts to ensure the enforcement of its own contracts, and avoid imposing the burden of deciding a case that bears no relation to this District. Principal Life's motion to dismiss or transfer pursuant to 28 U.S.C. §§1404(a), 1406 should be granted.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's complaint should be dismissed in its entirety, as venue in Arizona is improper under the facts of this case. Alternatively, the United States District Court for the Western District of Texas provides a more efficient, convenient and interested forum for the instant action.

As such, Principal Life respectfully requests that this Honorable Court enter an order, granting its motion to dismiss Plaintiff's Complaint in its entirety, or in the alternative,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

transferring it to the appropriate forum, the United States District Court for the Western District of Texas, and awarding Principal Life such other and further relief as this Court deems just and equitable, including an award of its reasonable attorneys fees and costs.

DATED this 18th day of February, 2010.

SNELL & WILMER L.L.P.


By  s/Barbara L. McCloud
      Barbara L. McCloud
      One Arizona Center
      400 E. Van Buren
      Phoenix, AZ  85004-2202
      *Attorneys for Defendant*
      *Principal Life Insurance Company*

1

## **CERTIFICATE OF SERVICE**

2

3    X    I hereby certify that on February 18, 2010, I electronically transmitted the attached
4        document to the Clerk's Office using the CM/ECF System for filing and transmittal
         of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6                              Kelly K. LoCascio
                              Michael J. Ward
7                             Lisa J. Counters
                             Angel Jet Services
8                          9014 E. McClain, Suite 220
                            Scottsdale, AZ 85260

9

10   ___    I hereby certify that on _____, I served the attached document by
11        regular mail, first class, on the following, who are not registered participants of the
         CM/ECF System:

12

13

14                                              _____ s/Barbara L. McCloud _____

15

16   11209561.1

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    WO

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7                           FOR THE DISTRICT OF ARIZONA

8

9    ANGEL  JET  SERVICES,  L.L.C.,  a)        No. CV-09-2123-PHX-GMS
     limited liability company, individually and)
10   as assignee of John Doe,                )        **ORDER**
                                             )
11                  Plaintiff,               )
                                             )
12   vs.                                     )
                                             )
13                                           )
     Red Dot Building Systems' Employee)
14   Benefit Plan, an ERISA plan, and Blue)
     Cross Blue Shield of Texas,             )
15                                           )
                    Defendants.              )
16                                           )
                                             )
17   _____)

18          Pending before the Court is Defendant Blue Cross Blue Shield of Texas's ("BCBSTX")

19   Motion To Dismiss for Improper Venue, or in the Alternative Motion To Transfer Venue to

20   the Northern District of Texas. (Dkt. # 14.)  For the following reasons, the Court orders that

21   the case be transferred to the Eastern District of Texas.

22                                   **BACKGROUND**

23          Plaintiff Angel Jet Services, L.L.C. ("Plaintiff" or "AJS") is an Arizona limited

24   liability company with its principal place of business in Scottsdale, Arizona.  AJS provides

25   fixed-wing air ambulance service.   Defendant BCBSTX is a nonprofit corporation

26   incorporated under the laws of the State of Texas. Red Dot Corporation ("Red Dot") is a for-

27   profit Texas corporation with its principal place of business in Athens, Texas.  BCBSTX

28   issued an Experienced Rated Group Managed Health Care and Prescription Drug Program

1   Contract ("Contract") to Red Dot, after having previously negotiated the contract in Texas.

2   John Doe, who resides in Athens, Texas, was a beneficiary under Red Dot's employee

3   benefit plan.

4       In July 2008, Doe experienced severe back pain while in Mexico, at which point AJS

5   transported Doe to a medical center in Dallas, Texas via air ambulance. In order for AJS to

6   receive payment for these services, Doe assigned his right to receive payments from his

7   employee-benefit plan to AJS. AJS then submitted a claim form and bill for $182,385.00 to

8   BCBSTX, which BCBSTX denied as medically unnecessary. According to Defendant, all

9   denials and appeals were made in Texas, and all individuals who made these determinations

10  live in Texas.

11      Plaintiff filed the instant action, alleging that Plaintiff is entitled to recovery benefits

12  under the Employee Welfare Benefit Plan, as governed by the Employee Retirement Income

13  Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendant now seeks either dismissal or

14  transfer to the Northern District of Texas.

15                               **DISCUSSION**

16      Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a

17  case for improper venue. *See Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 408 F.3d

18  1250, 1254 (9th Cir. 2005) ("A motion to enforce a forum selection clause is treated as a

19  motion pursuant to . . . Rule . . . 12(b)(3)."). If the Court determines that venue is improper,

20  the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district

21  . . . in which it could have been brought." 28 U.S.C. § 1406(a). Although the removal

22  petition and Defendant's brief discuss the general venue statute, 28 U.S.C. § 1391, the more

23  specific ERISA venue provision applies, 29 U.S.C. § 1132(e)(2). The ERISA venue

24  provision provides that an action "may be brought in the district where the plan is

25  administered, where the breach took place, or where a defendant resides or may be found."

26  29 U.S.C. § 1132(e)(2).

27  / / /

28

1    **I.      The Forum Selection Clause Mandates Venue in Texas.**

2           Despite ERISA's venue provision, federal law generally gives effect to forum

3    selection clauses. *See Laasko v. Xerox Corp.*, 566 F. Supp.2d 1018, 1021 (C.D. Cal. 2008)

4    (explaining that ERISA's venue provision does not displace forum selection clauses are valid

5    if fundamentally fair); *see also Manetti-Farrow, Inc. v. Gucci Amer., Inc.*, 858 F.2d 509, 513

6    (9th Cir. 1988) (explaining that, in federal court cases, federal law determines enforceability

7    of forum selection clauses). "[F]orum selection clauses [are] presumptively valid" in the

8    ERISA context, although forum selection clauses found in "form contracts . . . are subject

9    to judicial scrutiny for fundamental fairness." *Laasko*, 566 F. Supp.2d at 1021 (citing

10   *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991)); *see also Klotz v. Xerox Corp.*,

11   519 F. Supp.2d 430, 435–36 (S.D. N.Y. 2007) (noting that "nothing in ERISA's statutory

12   text or legislative history evinces any intent by Congress to preclude private parties from

13   limiting venue to one of the three forums permitted by [29 U.S.C. § 1132(e)(2)]" and that

14   "[t]he vast majority of district courts have enforced forum selection clauses in ERISA

15   plans"); *Bernikow v. Xerox Corp.*, 2006 WL 2536590 at *2 (C.D. Cal. Aug. 29, 2006) (noting

16   that in the ERISA context, "there is little justification to hold against the general presumption

17   in favor of enforcing forum selection clauses"). To determine whether a forum selection

18   clause is fundamentally fair, and thus enforceable, courts consider three factors: "the absence

19   of a bad-faith motive, the absence of fraud or overreaching, and notice of the forum

20   provision." *Id.* (citing *Carnival Cruise*, 499 U.S. at 595; *Dempsey v. Norwegian Cruise Line*,

21   972 F.2d 998, 999 (9th Cir. 1992)).

22          Here, the contract includes a forum selection clause, which states, "This Contract is

23   issued in Texas and is subject to Texas choice of law rules. All disputes arising under this

24   Contract between BCBSTX and Contractholder shall be resolved in Texas." (Dkt. # 14, Ex.

25   2 at 17.) Applying the three factors to determine whether the clause is fundamentally fair,

26   Plaintiff does not allege bad faith, fraud, or overreaching, but instead contends that BCBSTX

27   did not communicate the clause to plan participants, such as Doe. This argument fails.

28

1    Forum selection clauses in ERISA cases may be upheld even where the plan

2    participant originally had no knowledge of the clause. *See Laasko*, 566 F. Supp.2d at 1024.

3    Because employee benefit plans are generally negotiated between plan administrators and

4    employers, forum selection clauses often do not reflect beneficiaries' preferences; in fact, a

5    "typical beneficiary does not even know that the forum selection clause exists." *Id.*

6    However, "even though the beneficiaries of the plan may not have had notice of the forum

7    selection clause, the employer, who negotiated the plan, did have notice of the clause and the

8    ability to reject the contract." *Id.*; *see also Schoemann v. Excellus Health Plan, Inc.*, 447 F.

9    Supp.2d 1000, 1006 (E.D. Pa. 2006) (upholding a forum selection clause even though the

10   beneficiaries "played no role in negotiating any terms" of the contract); *Rogal v. Skilstaf,*

11   *Inc.*, 446 F. Supp.2d 334, 339 n. 3 (E.D. Pa. 2006) (upholding a forum selection clause and

12   noting that insurance contracts governed by ERISA are "not . . . bilateral written contract[s]

13   which would typically require execution by all parties as a pre-requisite to becoming

14   effective").   Plaintiff relies on *Mezyk v. U.S. Bank Pension Plan*, but that case is not

15   controlling. 2009 WL 3853878, at *3–4 (S.D. Ill. Nov. 18, 2009).  In *Mezyk*, the defendants

16   unilaterally added a forum selection clause to the plan after the class action plaintiffs had

17   already initiated suit, preventing the class action plaintiffs from obtaining notice of the new

18   provision. *Id.* at *4.  In contrast, No similar facts present themselves here.  Because of the

19   way in which ERISA-governed plans must be negotiated, the Court finds the analysis from

20   *Laasko* persuasive. 566 F. Supp.2d at 1024.

21   Therefore, it is immaterial that Doe did not negotiate the Contract personally.[1]

22   Plaintiff has presented no evidence that notice of the forum selection clause was withheld

23

24

_____

25   [1] Plaintiff also briefly contends that the Contract was between the employer and

26   BCBSTX, not between Doe and BCBSTX. This is inconsequential because "a third-party

27   beneficiary of an agreement is bound by . . . a valid forum selection clause." *eBay Inc. v.*

     *Digital Point Solutions, Inc.*, 608 F. Supp.2d 1156, 1162 (N.D. Cal. 2009) (citing *TAAG*

28   *Linhas Aereas de Angola v. Transam. Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990)).

- 4 -

1   from Doe's employer during negotiations or provided any other reason why the clause is

2   fundamentally unfair or otherwise unenforceable.

3        Plaintiff also suggests that the forum selection clause is unenforceable because

4   BCBSTX allegedly withheld the forum selection clause and other documents from AJS.

5   Plaintiff offers no authority for this argument, which, at any rate, would not make the

6   provision fundamentally unfair. Although an assignment of benefits is valid under ERISA,

7   "an assignment cannot create rights in the assignee not held by the assignor[,]" and an

8   assignee "has standing to assert [only those] rights the assignor possessed." *Misic v. Bldg.*

9   *Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1378 n. 4 (9th Cir. 1986). Because

10  AJS merely stepped into Doe's shoes to assert claims against BCBSTX, AJS does not have

11  a valid defense relating to the withholding of documents subsequent to the assignment. As

12  explained above, the alleged lack of communication regarding plan terms does not invalidate

13  the forum selection clause. Accordingly, the forum selection clause mandates venue in Texas,

14  rather than in Arizona.

15  **II.    Even Absent a Forum Selection Clause, Venue Is Inappropriate in Arizona.**

16       Even if the forum selection clause was valid, venue would still be inappropriate in

17  Arizona under ERISA's general venue provision. An ERISA action "may be brought in the

18  district where the plan is administered, where the breach took place, or where a defendant

19  resides or may be found." 29 U.S.C. § 1132(e)(2). Plaintiff contends venue is proper in

20  Arizona because the breach occurred in Arizona and because BCBSTX may be found in

21  Arizona. The Court disagrees.

22       **A.  The Breach Took Place in Texas, not Arizona.**

23       The parties agree that the breach occurs where payment should have been received,

24  but they dispute whether the key location is where the beneficiary, i.e. Doe, or where the

25  assignee, i.e. AJS, was to receive payment. The Ninth Circuit does not appear to have

26  addressed this issue, and district courts throughout the country are split. A few courts

27  conclude that venue is proper where the assignee would have received benefits, regardless

28  of the beneficiary's residence. *See, e.g., Flynn v. Veazey Constr. Corp.*, 310 F. Supp.2d 186,

- 5 -

1    192 (D. D.C. 2004) (holding that venue was proper where the assignees were located because

2    they were the real parties in interest); *Cole v. Cent. States Se. & Sw. Areas Health & Welfare*

3    *Fund*, 225 F. Supp.2d 96, 98 (D. Mass. 2002) (holding that venue was proper in the state of

4    the assignee's residence because payments became due there); *Foster G. McGaw Hosp. of*

5    *Loyola Univ. of Chi. v. Pension Trust Dist. # 9 Welfare Trust I.A. of M.A.W.*, 1992 WL

6    309571, at *4 (N.D. Ill. Oct. 22, 1992) (finding venue where the beneficiary's assignees were

7    located).   The Court, however, finds the alternative line of cases more persuasive—that

8    venue is proper where the beneficiary was to receive benefits. *See, e.g., Mem'l Hermann*

9    *Hosp. Sys. v. Boyd Gaming Corp. Percs Plan*, 2007 WL 624334, at *4 (S.D. Tex Feb. 22,

10   2007) ("reject[ing] [the] argument that venue is proper in the Southern District of Texas

11   simply because an assignee of the participant is located [t]here" because "the assignee stands

12   in the shoes of the assignor [and] . . . accepts the assignor's location for venue purposes");

13   *Coulter v. Office & Prof'l Employees Int'l Union*, 2003 WL 21938910, at *4–5 (E.D. Tenn.

14   June 10, 2003) (holding that venue is proper where the beneficiary, not the assignee, was to

15   receive payment); *Brown Schs., Inc. v. Fla. Power Corp.*, 806 F. Supp. 146, 151 (W.D. Tex.

16   1992) (holding that breach occurs where the beneficiary was to receive benefits).

17        Furthermore, as *Misic* explained, an assignee has only those rights than assignee has,

18   789 F.2d at 1378 n. 4.   It would therefore be inappropriate for an assignee to gain the right

19   to change the venue from what it otherwise could have been.   Such a policy could result in

20   defendants being pulled into unpredictable venues simply by virtue of an ERISA-plan

21   beneficiary's assignment. In this case, because Doe resides in Athens, Texas and would have

22   received benefits there, the breach occurred in Texas.

23        **B.   The Defendant Resides or May Be Found in Texas, not Arizona.**

24        Plaintiff does not contend that BCBSTX, as a Texas corporation, resides in Arizona,

25   but Plaintiff instead argues that BCBSTX "may be found" in Arizona. *See* 29 U.S.C. §

26   1132(e)(2).   In the Ninth Circuit, a defendant may be found in a district where personal

27   jurisdiction would exist. *Varsic v. U.S. Dist. Crt. for the Cent. Dist. of Cal.*, 607 F.2d 245,

28   248–49 (9th Cir. 1979). This determination depends on whether a defendant has "minimum

- 6 -

1  contacts" with the forum state so that jurisdiction will not "offend traditional notions of fair

2  play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under

3  this standard, "the defendant's conduct and connection with the forum State [must be] such

4  that he [or she] should reasonably anticipate being haled into court there." *World-Wide*

5  *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Minimum contacts may exist in

6  two ways. First, a court may exercise general jurisdiction if the defendant's contacts with

7  the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A.*

8  *v. Hall*, 466 U.S. 408, 415 (1984). Second, a court may exercise specific jurisdiction if a

9  defendant (1) "do[es] some act . . . with the forum . . . by which [it] purposefully avail[s]

10 [it]self of the privilege of conducting activities in the forum[,]" (2) "[t]he claim . . . arises out

11 of or results from the defendant's forum-related activities" and (3) "[e]xercise of jurisdiction

12 [is] reasonable." *Varsic*, 607 F.2d at 249.

13     Applying these personal jurisdiction standards, the Court finds that BCBSTX's

14 contacts are insufficient to deem it "found" in Arizona. First, Plaintiff does not explain how

15 BCBSTX has "continuous and systematic" contacts with Arizona. *See Helicopteros*, 466 U.S.

16 at 415. Plaintiff contends that BCBSTX has minimum contacts with Arizona because it

17 participates in the BlueCard System, which allows beneficiaries to obtain benefits outside

18 of Texas. Under the BlueCard System, two types of plans exist. A "Home Plan" is the plan

19 operating in the state where the participant is covered—in this case, BCBSTX. In contrast,

20 a "Host Plan" is the BCBS licensee in the state where the provider is located—in this case,

21 BlueCross BlueShield of Arizona ("BCBSAZ"). Plaintiff contends that, because it is located

22 in Arizona, it initially corresponded with BCBSAZ the payments due in connection with the

23 services AJS rendered to Doe. Plaintiff further contends that BCBSAZ was involved in

24 denying its claim for payment, although Defendant argues that BCBSAZ merely provided

25 a communication link between AJS and BCBSTX.

26     This level of contact is not continuous and systematic. *Bayada Nurses, Inc. v. Blue*

27 *Cross Blue Shield of Mich.* concluded that the BlueCard program does not establish personal

28 jurisdiction. 2008 WL 2945388, at *4–5 (E.D. Pa. July 30, 2008). Although BCBS

1    corporations allow their beneficiaries to receive and process benefits in other states, that

2    alone is not continuous and systematic contact given that these corporations lack facilities,

3    offices, employees, registered agents, property, bank accounts, and other infrastructure in

4    other states. *Id.* Moreover, the fact that beneficiaries might travel to other states and receive

5    treatment does not establish strong connections to those other states. In this case, BCBSAZ

6    is not a defendant, nor is it apparent how communications between two different corporations

7    would create jurisdiction. Because Plaintiff has not indicated that BCBSTX has any ongoing

8    connections with Arizona other than the BlueCard program, BCBSTX may not be found in

9    Arizona under a general jurisdiction theory.

10          Nor may BCBSTX be found in Arizona under a specific jurisdiction theory because

11   it did not "purposefully avail [it]self of the privilege of conducting activities in the forum."

12   *Varsic*, 607 F.2d at 249. As *Bayada Nurses* explained, simply owing payment to an entity

13   in another state does not establish specific jurisdiction in that state because the requirement

14   that a BCBS corporation pay for out-of-state benefits was the result of the beneficiary's

15   selection of a medical provider, not the insurer's "choice to do business with [the provider]

16   in [another state]." 2008 WL 2945388, at *5; *see also Berg v. Blue Cross & Blue Shield of

17   Utica-Watertown, Inc.*, 1993 WL 467859, at *4 (N.D. Cal. Nov. 2, 1993) (holding that New

18   York insurer did not purposefully avail itself to California's jurisdiction by authorizing the

19   insured's health care in California and partially paying the California hospital bills). In this

20   case, BCBSTX did not purposefully avail itself to Arizona's laws simply because Doe was

21   treated by AJS, an Arizona company.

22          The cases Plaintiff cites are distinguishable. *Varsic* concluded the defendant

23   purposefully availed itself to California's jurisdiction by agreeing with a California union to

24   receive contributions and to make payments in California. 607 F.2d at 250. Likewise, in

25   *Bohara v. Backus Hosp. Med. Benefit Plan*, the defendant was subject to California's

26   jurisdiction by pre-certifying the plaintiff's medical treatment in a California hospital,

27   managing that treatment, and paying the California hospital for a portion of the care. 390 F.

28   Supp.2d 957, 962 (C.D. Cal. 2005). In contrast, no such agreement with AJS or any other

- 8 -

1   Arizona company, union, or beneficiary existed in this case.  Plaintiff also has not provided

2   any evidence that BCBSTX certified or otherwise agreed to the services that AJS provided

3   to Doe.  Rather, BCBSTX's only connection to Arizona is the fact that AJS happens to be

4   based in Arizona.  Because Defendant has not purposefully availed itself to Arizona's laws,

5   it may not "be found" in Arizona to establish venue.

6   **III.    Transfer to the Eastern District of Texas Is in the Interest of Justice.**

7           Because venue is improper in Arizona, the Court must next decide whether to dismiss

8   the case or whether, "if it be in the interest of justice[,]" to "transfer [the] case to any district

9   . . . in which it could have been brought." 28 U.S.C. § 1406(a).  Because Defendant has

10  requested transfer and because efficiency would favor transferring the case to Texas, rather

11  than forcing Plaintiff to re-file in Texas, transfer is preferable to dismissal.  The parties,

12  however, dispute which Texas district is most appropriate.  Defendant urges transfer to the

13  Northern District of Texas, while Plaintiff asserts that transfer to the Eastern District of

14  Texas is proper.

15          The Court may transfer a case only to a venue where a case "could have been

16  brought." 28 U.S.C. § 1406(a).  As discussed above, an ERISA case may be brought in

17  several venues: "where the plan is administered, where the breach took place, or where a

18  defendant resides or may be found." 29 U.S.C. § 1132(e)(2).  Applying these options, the

19  Eastern District of Texas is an appropriate venue.  The Plan, the participant (Doe), and the

20  Plan administrator all reside in Athens, Texas, which is located in the Eastern District.  As

21  Defendant asserts, a breach occurs where the beneficiary was supposed to receive his or her

22  benefits, i.e. his or her residence. (Dkt. # 20 at 6) (citing *Roshinsky v. Reynolds*, 2008 WL

23  2827528, at *10 (W.D. N.Y. July 21, 2008)).  According to Defendant's theory, the breach

24  would have occurred in the Eastern District because Doe, as the beneficiary, resides there.

25  Meanwhile, although BCBSTX's offices are located in the Northern District, BCBSTX also

26  "may be found" in the Eastern District as the facts presented here suggest that the Eastern

27  District would have personal jurisdiction over BCBSTX. *See Sanders v. State Street Bank*

28  *& Trust Co.*, 813 F. Supp. 529, 533 (S.D. Tex. 1993) (holding that venue is proper where a

1   defendant "may be found," meaning where a defendant is subject to personal jurisdiction)

2   (adopting *Varsic*, 607 F.2d at 248–49); *Wallace v. Amer. Petrofina, Inc.*, 659 F. Supp. 829,

3   831 (E.D. Tex. 1987) (adopting *Varsic*, 607 F.2d at 248–49, and holding that a defendant

4   "may be found" wherever personal jurisdiction is proper).   Defendant does not provide

5   reasons why the Northern District is preferable to the Eastern District, especially given that

6   several of the key individuals and entities are present in the Eastern District.   Accordingly,

7   the Court transfers the case to the Eastern District of Texas.

8   **IV.     Awarding Fees and Costs Is Inappropriate.**

9          In one sentence at the end of its Motion, Defendant requests "other relief . . . including

10  an award of its reasonable attorneys fees and costs."   Although 29 U.S.C.  § 1132(g)

11  authorizes fees and costs in the Court's discretion, Defendant offers no reason why such

12  relief is appropriate.   To the extent Defendant has moved for fees and costs, this request is

13  denied.

14                                  **CONCLUSION**

15         The Court determines that venue is inappropriate in the District of Arizona.   Rather

16  than dismissing the case, the Court, in the interest of justice, transfers the case to the Eastern

17  District of Texas.

18         **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 14)

19  is **DENIED**.

20         **IT IS FURTHER ORDERED** that Defendant's alternative Motion to Transfer to the

21  Northern District of Texas (Dkt. # 14) is **DENIED AS MOOT**.

22  / /

23         **IT IS FURTHER ORDERED** directing the Clerk of the Court transfer this matter

24  to the Eastern District of Texas.

25         DATED this 8th day of February, 2010.

26

27                               G. Murray Snow
                             United States District Judge

28

                                   - 10 -