Peter Kilpatrick
(Application for Admission *Pro Hac Vice* Pending)
Texas State Bar No. 11416545
LANGLEY & BANACK, INC.
745 E. Mulberry
San Antonio, Texas 78212
Telephone: (210) 736-6600
Facsimile: (210) 735-6889
pkilpatrick@langleybanck.com
Attorney for Defendant The Health and
Welfare Benefit Plan eMetric, LLC



FILED ___ LODGED
RECEIVED ___ COPY
MAR 0 4 2010
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ S DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGEL JET SERVICES, L.L.C., a limited liability company, individually, as assignee and authorized representative of Indigo Fleming Powers,<br><br>Plaintiff,<br><br>v.<br><br>The Health and Welfare Benefit Plan of eMetric, LLC, and Principal Life Insurance Company,<br><br>Defendants. | Case No. CV 2010-00151-PHX-LOA<br><br>**DEFENDANT THE HEALTH AND WELFARE BENEFIT PLAN OF EMETRIC, LLC'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS, OR TO TRANSFER VENUE PURSUANT TO 29 U.S.C. §§1404(a), 1406** |

Subject to Defendant The Health and Welfare Benefit Plan of eMetric, LLC's Motion to Dismiss For Lack of Personal Jurisdiction, Defendant The Health and Welfare Benefit Plan of eMetric, LLC hereby moves this Court for an order dismissing Plaintiff Angel Jet Services, L.L.C.'s ("Plaintiff") Complaint for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue to the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. §1406(a), for the reasons set forth more fully in its attached Memorandum of Points and Authorities and the record in this matter, which is incorporated herein by reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Principal Life Insurance Company ("Principal") is a co-Defendant. Defendant Principal's Motion To Dismiss For Improper Venue, Or, In the Alternative, To Dismiss On Forum Non Conveniens Grounds, Or to Transfer Venue Pursuant To 29 U.S.C.§§ 1404(2), 1406 was previously filed on February 18, 2010 (docket #8), "Principal's Motion To Transfer Venue" herein. This Motion is substantially a reiteration of Principal's Motion To Transfer Venue, incorporating the same exhibits herein.

While a resident of Texas, Indigo Fleming Powers ("Powers") was employed by eMetric LLC, a Texas Limited Liability Company ("eMetric"). Powers was employed at eMetric's facility in San Antonio, Texas. In connection with Power's employment, Powers was enrolled into eMetric's employee welfare benefit plan, with health benefits insured by Principal Life Insurance, an Iowa Corporation, pursuant to the terms of a group insurance contract. Principal negotiated, issued and delivered the insurance contract in Texas, and the insurance contract is governed by Texas law. At the time the decision to deny Powers benefits for the air ambulance services she received from Plaintiff Angel Jet, L.L.C. ("Plaintiff") was made, Powers was a Texas resident employed by a Texas employer.

Disregarding ERISA's[1] venue statute, Plaintiff has filed its two count complaint for benefits under an employee welfare benefit plan against Principal and the eMetric LLC Health and Welfare Benefit Plan in Arizona -- even though it is clear that this case has no connection with Arizona.[2] It is beyond question that Plaintiff must file its action

---

[1] ERISA is the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq.

[2] As Principal has informed the Court, eMetric also respectfully informs the court that Angel Jet has filed six other actions in the District of Arizona, attempting to recoup payment for services rendered. In each of the four cases filed between July and October 2009, a motion to dismiss on venue or personal jurisdiction grounds was filed. See *Angel Jet Services, LLC v. Giant Eagle Inc. and Giant Eagle Group*

in either (1) the district where the Plan is administered, (2) where the breach took place, or (3) where a defendant resides or may be found. 29 U.S.C. §1132(e)(2). None of these prerequisites for proper venue in the District of Arizona are present in this case. Therefore, this case should be dismissed based on improper venue or, at the very least, venue should be transferred to the Western District of Texas.

Even if one engaged in the fiction that the Plan was not administered in San Antonio (Western District of Texas) and venue would somehow be proper in the District of Arizona, which it is not, this Court should still dismiss Plaintiff's Complaint because (1) an adequate alternative forum – the United States District Courts for the Western District of Texas – exists; and (2) private and public interest factors weigh heavily in favor of dismissal, or the transfer of this matter to the United States District Court for the Western District of Texas.

## II.   FACTUAL BACKGROUND

eMetric is a Texas Limited Liability Company with its principal and only place of business at 211 North Loop, 1604 East, San Antonio, Texas. Neither eMetric nor its Employee Welfare Benefit Plan has had any business or interaction with Plaintiff, having no contact or knowledge of Angel Jet Services, LLC ("AJS") or any purported assignment until it was sued. *See* Affidavit if Huixing Tang, Ph.D., as President of the Administrator for the Plan attached to Defendant eMetric's Motion to Dismiss for Lack of Personal Jurisdiction, which is incorporated herein. Principal is an Iowa corporation

---

*Health Ins. Co.*, No. 2:09-cv-01489-MHM (motion to dismiss for lack of personal jurisdiction pending); *Angel Jet Services, L.L.C. v. Health and Welfare Plan of Metropolitan Cabinets and Blue Cross Blue Shield of Massachusetts*, No. 2:09-cv-02132-JWS (motion to dismiss and motion for transfer was filed and Plaintiff stipulated in January 2010 to transfer of matter to Massachusetts); *Angel Jet Services, L.L.C. v. Red Dot Corporation's Employee Benefit Plan and Blue Cross Blue Shield of Texas*, No. 2:09-cv-02123-GMS (motion to dismiss for improper venue, or, in the alternative, motion to transfer venue, court granted motion to transfer to Eastern District of Texas on February 8, 2010); *Angel Jet Services, L.L.C. v. Health and Welfare Plan of Hollis Roofing, an ERISA plan, and Blue Cross Blue Shield of Mississippi*, No. 2:09-cv-02131-ROS (motion to dismiss and motion to transfer venue pending). No appearances and responsive pleadings have been filed yet in the remaining two cases.

with its principal place of business at 711 High Street in Des Moines, Iowa. (Ex. A at ¶5; Ex. B (Corporate information from Iowa Secretary of State website).) On August 25, 2004, eMetric, applied for group medical coverage for its employees with Principal Life, submitting a completed application form and engaging in contract term negotiations. (Ex. D (Application Form).) With a date of issue of September 1, 2004, Principal Life issued and delivered group insurance policy No. GME H12306 ("Policy") to eMetric in San Antonio, Texas. (Ex. E). The Policy's contract state of issue is Texas (Ex. E at GC 5000-1).

Powers, an employee of eMetric and a participant in eMetric's employee welfare benefit plan (Ex. A at ¶6), enrolled in the medical coverage upon her employment. (Ex. F (Enrollment Information). After she experienced a stroke in her apartment in Seguin, Texas, in July 2009, Powers was hospitalized at Methodist Hospital in San Antonio, Texas, and subsequently flown by Plaintiff to Toledo, Ohio, where her parents reside. (Ex. A at ¶¶16-18; 24)

On June 25, 2009, Principal received a claim submitted by Plaintiff, on behalf of Powers, in the amount of $277,070.00 for the air ambulance services provided. (Ex. A at ¶23) Principal received and processed same and eventually denied the claim as the services provided were determined not to be covered under the Policy. (Ex. A at ¶¶234-28)

Plaintiff's lawsuit centers around the decision to transport Powers from San Antonio, Texas, the Plan situs (and near Powers' home in nearby Seguin, Texas), to Toledo, near her parents' home, and Principal Life's denial of payment of benefits to Powers in Texas for such transport given its lack of medical necessity. The only ostensible relationship that this case has with Arizona is that Plaintiff is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona, a relationship which is entirely insufficient to have been the basis to have filed this lawsuit in this Court in the first place or justify this lawsuit going forward in Arizona.

1  This holds especially true since Plaintiff's putative rights and standing to assert a claim
2  under the Plan are based solely upon an assignment of Powers' claims, who was
3  undisputedly a Texas resident at the time the services were provided. Further, although
4  Powers may have actually been relocated to Toledo, Ohio, when the claim was denied,
5  she was still a Texas resident at the time of such denial (Plaintiff did not allege
6  otherwise) and venue would still not be proper in Arizona.

### III.  LEGAL ARGUMENT

#### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a case for improper venue. *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005). When a motion to dismiss is brought under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper in the district in which the complaint was filed. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979); *Design Res., Inc. v. Leather Indus. of Am., Inc.*, No. C09-611RSM, 2010 U.S. Dist. LEXIS 5058 (W.D. Wash. Jan. 21, 2010); *see also Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp.2d 898, 913 (N.D. Ill. 2003); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp.2d 222, 237 (D. Conn. 2001) (*citing United States EPA ex rel. McKeown v. Port Auth.*, 162 F. Supp.2d 173, 183 (S.D.N.Y. 2001)); *McCracken v. Automobile Club of Southern California, Inc.*, 891 F. Supp. 559, 560 (D. Kan. 1995). Venue in an ERISA action is governed by the statute. An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. . . ." 29 U.S.C. § 1132(e)(2).

#### B.  Venue is Inappropriate in the District of Arizona

Parroting the applicable venue statute, Plaintiff simply conclusorily states in its Complaint that "the denial of benefits and breach of the health and welfare plan took place in this district and, under ERISA, Defendants are 'found' in this district." (Ex. A

at ¶2). Plaintiff is wrong. Even if such standard was the appropriate venue standard, which it is not, The Plan has no presence and was not "found" in this District. Under Plaintiff's approach to venue, it could obtain an assignment of any complainant and simply file all of its collection litigation in the forum convenient only to Plaintiff and its attorneys. This lawsuit was improperly filed in Plaintiff's home forum, and should be dismissed.

### 1. The Breach Did Not Take Place in Arizona

First, as stated above, venue is proper where the alleged breach of the terms of the plan took place. Courts have reached different conclusions as to where a breach takes place, however, none allow venue in this district based on the allegations of Plaintiff. Some courts have held that the breach occurs where the claimant receives benefits. *See Roshinsky v. Reynolds*, No. 06-6340, 2008 U.S. Dist. LEXIS 56185, at *10-*12 (W.D.N.Y. July 21, 2008); *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005); *Coulter v. Office and Prof'l Employees Intern. Union*, No. 03-111, 2003 U.S. Dist. LEXIS 13958, at *13 (E.D. Tenn. April 10, 2003); *Schrader v. Trucking Employees of North Jersey Welfare Fund, Inc.*, 232 F. Supp. 2d 560, 573 (M.D.N.C. 2002); Obviously, Powers, as a Texas resident (and still a Texas resident) would have received the benefits at issue in Texas, but certainly ***not in Arizona.***

To the extent Plaintiff attempts to argue that the location of an assignee of benefits defines receipt of benefits under the venue statute, this Court has recently rejected that argument and held that the location where the claimant was to receive benefits is controlling to avoid that an unsuspecting defendant be pulled into unpredictable venues simply by virtue of an ERISA-plan participant's assignment. *Angel Jet, L.L.C., supra*, p. 6 (*citing Misic v. Bldg. Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1378 n. 4 (9th Cir. 1986); *see also Mem'l Hermann Hosp. Sys. v. Boyd Gaming Corp. Percs Plan*, No. H-06-3570, 2007 WL 624334, at *4 (S.D. Tex.

Feb. 22, 2007) ("reject[ing] [the] argument that venue is proper in the Southern District of Texas simply because an assignee of the participant is located [t]here because 'the assignee stands in the shoes of the assignor [and] ... accepts the assignor's location for venue purposes.'"); *Coulter v. Office & Prof' Employees Int'l Union*, No. 1:03-CV-111, 2003 WL 21938910, at *4-5 (E.D. Tenn., June 10, 2003) (holding that venue is proper where the beneficiary, not the assignee, was to receive payment); *Brown Schs., Inc. v. Fla. Power Corp.*, 806 F. Supp. 146, 151 (W.D. Tex. 1992) (holding that breach occurs where the beneficiary was to receive benefits.).

Other courts have held that the place of the breach, and therefore, where venue is proper, is where the decision to terminate benefits was made or where the plan was administered. *See Tyson v. Pitney Bowes Long-Term Disability Plan*, No. 07-CV-3105, 2007 WL 4365332, at *3 (D.N.J. Dec. 11, 2007); *Oregon v. Moran Towing Corp.*, No. 93-4164, 1994 WL 462995, at *2 (E.D. La. Aug. 22, 1994); *Turner v. CF & I Steel Corp.*, 510 F. Supp. 537, 541 (E.D. Pa. 1981); *Boyer v. J. A. Majors Co., Employees' Profit Sharing Plan*, 481 F. Supp. 454, 459 (N.D. Ga. 1979). The Plan at issue is undisputedly administered in San Antonio, Texas, where eMetric as the policy holder is located and is where eMetric has its only office (Ex. D). Either way, venue in the District of Arizona is not proper.

2. **Defendants Are Not Found In This District**

Venue is also appropriate under ERISA "where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). Plaintiff sues Principal Life Insurance Company and The Health and Welfare Benefit Plan eMetric, LLC. Principal Life does not "reside" in this district. It is incorporated pursuant to the laws of the State of Iowa and its offices are located in Des Moines, Iowa.

The Health and Welfare Benefit Plan of eMetric, LLC is a Texas employee welfare benefit plan. It is administered in San Antonio, Texas, where eMetric is headquartered and located, and the <u>Plan has no connection whatsoever to Arizona.</u>

### 3. Powers Could Not Have Brought This Action In Arizona.

Finally, and of significant importance, Plaintiff is seeking to recover benefits as an alleged assignee of Powers.[3] (Ex. A at ¶7) The Ninth Circuit in *Misic, supra,* held that assignments of benefits due under an ERISA plan are valid. *See* 789 F.2d 1374, 1377. However, "an assignment cannot create rights not held by the assignor." *Id.* Rather, "the assignee stands in the shoes of the assignor" and may raise only those claims that the insured-assignor could raise in a direct action. *Id.*

Under these assignment principles, Plaintiff's rights extend only as far as Powers' rights extend. Powers could not file this action in Arizona, and there would be no basis for Powers to assert her claims in Arizona. Arizona has no connection to this controversy and, in reality, the dispute is between Powers, the participant under the Plan, and Principal Life. Powers does not reside and never resided in Arizona. Powers was not treated in Arizona. Powers did not receive any care in Arizona (Ex. A), and there is no allegation the situs of the Plan is in Arizona. In fact, none of the services Powers received were rendered in Arizona. The air ambulance transportation of Powers -- the sole factual event that forms the basis of this lawsuit -- originated in San Antonio, Texas and terminated in Toledo, Ohio. (Ex. A at ¶¶16-20). That flight, with Powers aboard, did not land or even pass through Arizona. While Plaintiff erroneously claims that venue in this District is proper because the denial of benefits and alleged breach of the ERISA plan at issue took place in Arizona, the facts of this matter show that Plaintiff is indisputably wrong. Indeed, there is <u>no</u> connection to the State of Arizona, other than that Plaintiff, a provider of Powers, resides in Arizona. As the United States Supreme Court held, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered

---

[3] In making this argument, Principal Life does not waive, and hereby preserves, its right to contest the validity of the Powers-to-Angel Jet assignment.

choice among a host of different districts." *Pennzoil,* 481 U.S. at 24; *citing Leroy v. Great Western United Corp.,* 443 U.S. 173, 185 (1979). Accordingly, Plaintiff's complaint should be dismissed for improper venue.

For all of these reasons, this action should be dismissed based on improper venue.

C. **In The Alternative, Should This Court Find That Venue Is Proper In Arizona, Plaintiff's Action Should Nonetheless Be Dismissed or Transferred For *Forum Non Conveniens.***

This Court has further discretion to dismiss an action on the basis of *forum non conveniens. Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839 (1947). "Under *Gilbert,* dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). When deciding a motion for *forum non conveniens,* two basic elements must be considered: (1) that an adequate alternative forum exists to all Defendants; and (2) that private and public interest factors weigh heavily in favor of dismissal. *Piper,* 454 U.S. at 255-56; *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000); *Decker Coal v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *see also Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43-4 (3d. Cir. 1988). Plaintiff's choice of Arizona is not controlling under the facts of this case. When the plaintiff's chosen forum is not his residence, or **when the plaintiff's forum lacks a significant connection to the events that gave rise to the complaint**, the deference given to Plaintiff's choice of forum is slight, if any. See *Inherent.com v. Martindale-Hubbell,* 420 F.Supp.2d 1093, 1100 (N.D. Cal. 2006) (motion to transfer venue granted where only connection to chosen forum was the alleged relocation of the plaintiff's business and two witnesses after the events at issue occurred); *Amazon.com v. Cendant Corp.,* 404 F.Supp.2d 1256 (W.D. Wash. 2005) (noting "where the action has little connection with the chosen forum, less

deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum."). In *Jacobson v. Huges Aircraft Co.*, the Ninth Circuit held that transferring venue from plaintiff's chosen forum was not an abuse of discretion because other factors favored transfer. *See* 105 F.3d 1288, 1302 (9th Cir. 1997).

Here, an adequate -- and indeed proper and more suitable -- alternative forum exists and private and public factors weigh heavily in favor of dismissal, or alternatively, transfer of this matter to such forum.

### 1. An Adequate Alternative Forum Exists

The United States District Court for the Western District of Texas is an adequate alternative forum because the underlying medical emergency occurred in Bexar County or adjoining Guadalupe County, Texas where Powers resided, squarely located within the Western District of Texas. (Ex. A at ¶16) Moreover, Powers was treated by physicians in San Antonio, Texas, after experiencing a stroke and according to the allegations the decision to transport Powers to Toledo, Ohio, was made by her treating physicians in San Antonio. (Id.) Moreover, Powers' employer, the plan sponsor and administrator of The Health and Welfare Benefit Plan of eMetric, LLC, is located in San Antonio, Texas, and the plan is administered in San Antonio, Texas. (Ex. D.)

Per Principal's Motion To Transfer Venue, co-Defendant Principal is willing to submit to jurisdiction in Texas and Plaintiff is able to seek redress there. It cannot be disputed that the United States District Court for the Western District of Texas is an adequate alternative forum for this action.

### 2. Private and Public Interest Factors

#### *a.  Private Interest Factors*

The U.S. Supreme Court has identified the relevant private interest factors which must be considered in *forum non conveniens* cases as: "(1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) possibility of

view of premises, if view would be appropriate to the action; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive." *Gilbert*, 330 U.S. at 508, 67 S. Ct. 839.

This case involves a claim for payment of medical benefits for air ambulance services from San Antonio, Texas to Toledo, Ohio, which was allegedly necessary due to only the hospital in Ohio being able to provide required and necessary treatment. (Ex. A at ¶16) Principal Life denied the claim as the services were not covered under the plan, given that the San Antonio hospital would have been able to render the appropriate services and that, in any event, closer facilities were available to render those services. (Ex. A at ¶24). Principal determined that the claimants' parents elected the transfer. (Id.)

Many factors support a determination that the appropriate forum for the resolution of this dispute is the Western District of Texas. Crucial witnesses to the events leading to the claimant's air ambulance transportation to Toledo, Ohio are located in San Antonio, Texas. Medical records pertaining to the treatment as well as pertaining to the decision to authorize the air ambulance transportation are located in San Antonio, Texas. Moreover, with regard to Plaintiff's claim for alleged statutory penalties due to failure to produce requested documents, the plan administrator of the plan, eMetric LLC, 29 U.S.C. §§1001(16)(A), (B); (5), and the records at issue pursuant to 29 U.S.C. §1024(b)(4), are located in San Antonio, Texas.

Should any of the witnesses prove unwilling to attend court proceedings or provide records, San Antonio, Texas, is located far in excess of the subpoena range from Phoenix, Arizona, where the matter is currently pending, barring this court's subpoena power to compel their attendance. Rule 45 of the Federal Rules of Civil Procedure. If this action is permitted to proceed, the cost of travel associated with their participation may increase the likelihood that the witnesses will be unwilling to appear. The U.S. Supreme Court remarked, "to fix the place of trial at a point where litigants

cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury or most litigants." *Gilbert*, 330 U.S. at 511. Accordingly, the United States District Court for the Western District of Texas has greater access to sources of proof than this District, and the power to compel the attendance of witnesses if necessary. eMetric's motion should be granted.

### b.   *Public Interest Factors*

The relevant public interest factors which should be considered include: (1) administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Piper Aircraft Co.*, 454 U.S. at 241, 102 S. Ct. 252; *Gilbert*, 330 U.S. at 508-9.

As stated in *Gilbert*, "administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." 330 U.S. at 509. The origin of this litigation is Bexar County, Texas. The local community with the strongest interest in the resolution of this dispute is located in Bexar County, Texas, where the events of July 2009 that led to the air ambulance services took place. As none of the events leading to this lawsuit took place in Arizona and there is indeed no connection between this cause of action and this forum, Arizona has no interest in having the matter decided in this District.

Moreover, the Plan under which Plaintiff is seeking benefits is administered in Bexar County, Texas, and the policy insuring the benefits was contracted for in Texas, delivered in Texas and issued with specific references to Texas law and directives for contacting the Texas Department of Insurance. (Ex. B)

There is no reason why this court should bear the burden of overseeing the resolution of this dispute arising under a Texas Plan, sponsored by a Texas entity,

stemming from the denial of benefits to a Texas resident by an Iowa company. This matter does not involve Arizona or is in any way connected to Arizona other than the exclusive convenience of the Plaintiff and its counsel. Dismissal of this action will decrease administrative congestion in this District, allow Texas courts to ensure the enforcement of its own contracts, and avoid imposing the burden of deciding a case that bears no appropriate relationship to this District. If Movant's motion to dismiss for lack of personal jurisdiction is not granted, Movant The Health And Benefit Plan of eMetric LLC's motion to dismiss or transfer pursuant to 28 U.S.C. §§1404(a), 1406 should be granted.

## IV.   CONCLUSION

For the reasons stated above, if Movant The Health And Benefit Plan of eMetric LLC's motion to dismiss for lack of personal jurisdiction is not granted, Plaintiff's complaint should be dismissed in its entirety, as venue in Arizona is improper under the facts of this case. Alternatively, the United States District Court for the Western District of Texas is the proper venue and/or provides a more efficient, convenient and interested forum for the instant action.

As such, subject to its motion to dismiss for failure to have personal jurisdiction, Defendant/Movant The Health and Benefit Plan of eMetric LLC joins or supports Principal's motion to dismiss or transfer venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and files this its own motion substantially tracking Defendant Principal Life Insurance Company's Motion To Dismiss For Improper Venue, Or, In the Alternative, To Dismiss On *Forum Non Conveniens* Grounds. Defendant/Movant The Health And Benefit Plan of eMetric LLC respectfully requests that this Honorable Court enter an order, granting its motion to dismiss Plaintiff's Complaint in its entirety, or in the alternative, transferring it to the appropriate forum, the United States District Court for the Western District of Texas, and awarding Defendant The Health And Benefit Plan of eMetric LLC such other and further relief as this Court deems just and equitable.

Respectfully submitted this 3rd day of March 2010.

                        LANGLEY & BANACK, INC.

By: _____
Peter Kilpatrick
Texas State Bar No.11416545
Trinity Plaza, Ninth Floor
745 E. Mulberry
San Antonio, Texas 78212
Telephone: (210) 736-6600
Telecopier: (210) 735-6889
Attorneys for Defendant
The Health and Benefit Plan of eMetric LLC
(Application *Pro Hac Vice* pending)

### CERTIFICATE OF SERVICES

I certify that on this 3rd day of March 2010, I submitted a copy of the foregoing document via certified mail or other method as allowed by law to the following counsel of record in this case:

**Lisa Jeanette Counters** (016436)
The Counters Firm
20987 N John Wayne Pkwy, Ste B104
Maricopa, AZ 85239-2926
Email: lisa@countersfirm.com

**Michael Jay Ward** (022782)
Angel MedFlight
8014 E McClain, Ste 220
Scottsdale, AZ 85260
Email: mjward@cox.net

**Kelly Karlene LoCascio** (022793)
Angel MedFlight
8014 E McClain, Ste 220
Scottsdale, AZ 85260
Email: klocascio@angelmedflight.com

**Barbara L. McCloud**
Snell & Wilmer, LLP
1 Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
E-mail: bmccloud@swlaw.law
Attorney for Defendant Principal Life Insurance Company

By: _____
Peter L. Kilpatrick
Attorney for Defendant The Health and Welfare Benefit Plan eMetric, LLC